## In re CONNER.
### Patent Appeal No. 3198.

Court of Customs and Patent Appeals.
Dec. 30, 1933.

Sol Shappirio, of Washington, D. C. (Frederick S. Duncan and John H. Hilliard, both of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application in the United States Patent Office for a patent on improvements in stranding of wire ropes. Certain claims were allowed by the Examiner, but claims 6, 10, 14, 20 to 24, 26, 28, and 30 to 33, were finally rejected. On appeal, the Board of Appeals affirmed the decision of the Examiner.

The following references were cited: Hallidie, 264,529, September 19, 1882; Bedson (Br.) 2,020 of 1864; Lake (Br.) 11,042 of 1884; Stone, 359,409, March 15, 1887; Ellis, 536,421, March 26, 1895; Glover et al. (Ger.) 342,282 of 1919; Pratt, 1,294,160, February 11, 1919; Pierce, 1,420,744, June 27, 1922; Conner, 1,518,253, December 9, 1924.

It is stated by the appellant that there are two classes of claims, one class including claims 6 and 14, and the other, or more narrow claims, being in the same general class. The Solicitor for the Patent Office cites claims 6 and 20 as illustrative, and, as they seem to be so, they are here given:

"6. The process of fabricating stranded wire structure of the type characterized in that each helical component thereof is permanently set to the form which it possesses in the structure, which comprises applying a driving force to propel a plurality of strand components through means adapted to form the strand components into helices and causing relative revolution between said preforming means and the composite structure to lay the helical components in a strand, rope or cable as they emerge from the preforming means.

"20. A machine for fabricating a stranded wire structure of the type composed of wire components laid in helical relation around a longitudinal axis, said machine being characterized by means to shape a plurality of unformed stock components simultaneously into the helical form they are to possess in the completed structure, means to propel said strand components through said preforming means, said preforming means and propelling means being combined in a single stationary head, and means to lay the helical strand components in assembled relation upon a core and to rotate said assembled structure to form a strand, rope or cable as they emerge from said preforming head."

The decision of the Board of Appeals, as we understand it, is to the general effect that the machine and process claims of the appellant were rejected as associations of devices and processes well known to the art, each feature accomplishing its own known function without producing any new result, and that the same did not involve true patentable combinations.

Appellant's device is a machine for making wire rope. It is shown in two forms, one

in which the forming head revolves, and the other in which the strand-receiving element revolves and the forming head is stationary.

The principal elements in the device relied upon to constitute novelty are elements for forcing the individual wires of the rope through a preforming head, by means of which said wires are preformed into helices, and thereafter laid in the rope strand without any tension being exerted thereon to destroy or impair the helical structure thereof. It is also contended by the appellant that, by means of his particular structure, reels of wire as they come from the factory can be used without rewinding the wire upon spools or bobbins, thus, as it is said, occasioning a great saving and economy.

It is conceded by the Solicitor for the Patent Office that the structure is novel, but it is contended that it is not patentable, in view of the prior art, either as to process or device, and that, in all respects where the particular structure or process shown is inventive, claims have been allowed therefor.

We have examined the references cited and are convinced that the appellant has simply associated elements and devices which were well known to the art at the time he filed his application, as held by the Board of Appeals. The idea of forcing the wire through a preforming head is quite clearly and definitely shown by the references Pratt and Pierce. It is true, these patents were for making grommets; that is, a circular structure made of one wire, and in the cited patents to be used in the manufacture of such articles as automobile tires. However, as it seems to the court, the same principle is involved, and it would thoroughly advise the art of rope making, of the nature and usefulness of such a process and device. The desirability and utility of a device for utilizing the original spools of wire as they came from the factory, instead of rewinding the same, is shown by the British reference Bedson. The formation of a wire rope by the rotation of the forming head or the receiving end, or both, is shown by the references Lake (British), Hallidie, Stone, Ellis, the German patent, No. 342,282, and Bedson (British).

In each of these respective reference patents, the function of each of the various elements is exactly as it is in appellant's device and process. Therefore, while the combination of these various elements produces an efficient machine and process, which doubtless is a desired development of the art, nevertheless nothing patentable has been presented.

It is argued that in the devices shown by the prior art heretofore mentioned, those devices which preform the wires into helical structures did not disclose accompanying devices by which the helices would not be impaired by stretching or pulling the rope as it came through the preforming head. However, this feature is, we believe, shown by other references heretofore mentioned, and, to one skilled in the art, it seems to the court that there would be nothing inventive in combining these various features thus shown in the prior art.

The decision of the Board of Appeals is affirmed.

Affirmed.